1  THOMAS E. PEREZ
   Assistant Attorney General
2  Civil Rights Division
   STEVEN H. ROSENBAUM
3  Chief, Housing and Civil Enforcement Section
   R. TAMAR HAGLER (SBN 189441)
4  Deputy Chief
   NANCY F. LANGWORTHY
5  Trial Attorney
   Civil Rights Division
6  U.S. Department of Justice
7  950 Pennsylvania Avenue, N.W. – G Street
   Washington, D.C. 20530
8  Telephone: (202) 616-8925
   Fax: (202) 514-1116
9  Nancy.Langworthy@usdoj.gov

10
   ANDRÉ BIROTTE JR.
11 United States Attorney
   LEON W. WEIDMAN
12 Assistant United States Attorney
   Chief, Civil Division
13 ROBYN-MARIE LYON MONTELEONE (State Bar No. 130005)
14 Assistant United States Attorney
   Assistant Division Chief,
15 Civil Rights Unit Chief, Civil Division
   Room 7516 Federal Building
16 300 North Los Angeles Street
   Los Angeles, CA 90012
17 Telephone: (213) 894-2458
18 Robby.Monteleone@usdoj.gov
   Attorneys for Plaintiff
19 UNITED STATES OF AMERICA

20            IN THE UNITED STATES DISTRICT COURT
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
21                      EASTERN DIVISION

22 UNITED STATES OF AMERICA,        )
23                                   )
              Plaintiff,             )   EDCV12-1966 VAP(SPx)
24                                   )
       v.                           )   Case No.
25                                   )
26 CITY OF SAN JACINTO, CALIFORNIA  )   **COMPLAINT**
                                     )
27            Defendant.             )

28      The United States of America alleges as follows:

Jurisdiction

1.  This action is brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968 ("the Fair Housing Act"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, Title II of the Americans with Disabilities Act ("the ADA"), § 202, 42 U.S.C. § 12132 *et seq.,* and the regulations implementing Title II, 28 C.F.R. Part 35.

2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. § 3614(a) and (b), and 42 U.S.C. § 12133.

3.  Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the United States' claims occurred in the Central District of California.

The Defendant

4.  Defendant City of San Jacinto ("the City") is a municipal corporation located in Riverside County, California, established and organized under the laws of the State of California.

5.  The City of San Jacinto, through its Mayor and City Council, exercises zoning and land use authority over land within its boundaries.  The City's Code of Ordinances contains the City's zoning and land use regulations.

6.  The City's Zoning Code divides the City into numerous zoning districts, including four residential districts:  single family residential districts (R-1), two family residential districts (R-2), multi-family residential districts (R-3), and "light agricultural" districts (A).

7.  The Zoning Code defines "family" as "[a]n individual or two (2) or more persons related by blood, marriage or legal adoption, or a group of not more than 6 persons who are not related living together as a single house-keeping unit in a dwelling unit."

The Complainants

8.  Rajeeyah Bilal-Varney is a resident of the Central District of California.  Since May of 2007, she and her husband have operated a group home for persons with mental and other disabilities,

including schizophrenia and bipolar disorder, at 1835 Rogers Way in a single-family (R-1) residential zone in San Jacinto.

9.  Aurora Beltran is a resident of the Central District of California and, since 2005, has operated a group home for persons with mental and other disabilities at 325 E. 3rd Street in a single-family (R-1) residential zone in San Jacinto.

10.  The disabled residents of the Rogers Way and 3rd Street homes operate as family units and share meals and household responsibilities.  They are responsible for their own medications, do not receive medical treatment or counseling on the premises, and do not undergo drug or alcohol testing on site.  A number of tenants at both homes have, over the years, arranged for State and County-funded supportive services delivered to the home by third-parties, such as training with respect to personal care.

<u>Regulation of "group homes" under the City's Zoning Code</u>

11.  On July 10, 2008, the City's Planning Commission issued a staff report recommending that the City Council amend the City's Zoning Code by approving Ordinance 08-14 ("the Ordinance").  The Ordinance was passed by unanimous vote of the Council on September 4, 2008, and became effective on October 3, 2008.

12.  The Ordinance effected three changes to the City's Zoning Code.  First, it amended the Code's definition of "group homes" to "[a] residence or dwelling, other than a hotel, wherein two (2) or more rooms, with or without individual cooking facilities, are rented to individuals under separate rental agreements or leases, either written or oral, whether or not an owner, agent or rental manager is in residence, in order to preserve the residential character of the neighborhood."

13.  Second, the Ordinance created a separate category of congregate living known as the "organizational house."  The term is defined by the Ordinance as "[a] residential lodging facility operated by a membership organization, such as a school, convent, monastery, or religious

organization, and includes dormitories, fraternities, sororities and other institutionally-operated student housing.

14. Third, the Ordinance specifically exempted certain licensed congregate living facilities, such as "community care facilities," from its definition of "group homes," making those with six or fewer residents permitted uses in residential zones.

15. Under the Zoning Code as amended by the Ordinance, group homes that are not required to be licensed by the State are not permitted uses in any zoning district within the City. Such homes may operate in multi-family (R-3) zones if they seek and are granted a conditional use permit.

16. The City adopted the Ordinance to address purported problems with group homes for persons with disabilities.

17. The Ordinance was enacted at least in part because of complaints about group homes from members of the community that the City knew, or should have known, were based on the disability of the homes' residents.

18. On November 4, 2008, approximately a month after the Ordinance was enacted, the City conducted an early morning sweep of nineteen homes, including the Bilal-Varney home located at 1835 Rogers Way, to determine, among other things, whether they were "group homes" for persons with disabilities operating in residential zones in violation of Ordinance 08-14.

19. City officials, including the City Attorney and representatives from the City's Code Enforcement, Public Works and Police Departments, and Riverside County officials under contract to and acting as agents for the City, including armed and uniformed sheriff's deputies, and uniformed fire department officials, appeared at the homes unannounced.

20. After inquiring on the threshold as to the nature of the homes, the officials entered those they determined to be group homes for persons with disabilities, separated the residents with disabilities and interrogated them individually from a prepared questionnaire targeted to persons with mental disabilities. The questions included why the residents were in the home; whether they were or

4

had ever been drug addicts or alcoholics; whether they were suffering from any form of mental illness, and if so, what type; whether they were taking "psych" medications, and if so, what kind; whether they were in treatment programs; whether they or other residents were currently using illegal drugs or alcohol; whether they were on parole or probation; whether they were registered sex offenders; whether they were collecting SSI or disability benefits; and whether medical treatment, counseling and drug treatment were provided on site.

21.  Of the homes included in the sweep, at least fifteen were homes for persons with mental disabilities, including the home at 1835 Rogers Way.  The officials did not inspect, or interrogate the residents of the four homes they determined were not group homes for persons with disabilities.

22.  From the time the Ordinance was adopted through at least September 2011, the City brought no enforcement actions under the Ordinance against any group homes that were not occupied by persons with disabilities.

23.  Each of the group homes covered in the sweep is a dwelling within the meaning of 42 U.S.C. § 3602(b), and current and former residents of those homes are "handicapped" within the meaning of 42 U.S.C. § 3602(h).

24.  As a result of the Ordinance and the City's enforcement activities, some group homes for persons with disabilities closed.  Others that continue to operate in residential zones, including the home at 1835 Rogers Way, have been repeatedly visited by the City and cited for violations of the Ordinance and other regulations.  The City has issued fines to owners of group homes for persons with disabilities ranging from $100 to $1,000 per day.

25.  Prior to enactment of the Ordinance, City officials informed at least one individual that she would have to close a home for five persons with mental disabilities on Garcia Drive in San Jacinto because City law prohibited the operation of the home in a residential zone.  The home was closed after repeated contacts by City officials who claimed the home was being operated as an illegal group home.

26.  After the sweep, the City continued to cite providers of group homes for persons with disabilities, including some not covered in the sweep, for "illegal" operation of a group home in a residential zone.  The home operated by complainant Aurora Beltran at 325 E. 3rd Street is one such home.

27.  Group homes for persons with disabilities included in the sweep, as well as those targeted by the City for enforcement activities after the sweep, were occupied by as few as three disabled tenants at a time.  The City's actions against group homes for persons with disabilities, including the issuance of citations for the operation of illegal group homes, has continued into 2012.

28.  The Garcia Drive home, the 325 E. 3rd Street home and other group homes investigated and/or cited by the City before and after the sweep, are dwellings within the meaning of 42 U.S.C. § 3602(b), and  current and former residents of those homes are "handicapped" within the meaning of 42 U.S.C. § 3602(h).

29.  Based on the sweep and other City actions, Ms. Bilal-Varney filed a complaint with the Department of Housing and Urban Development ("HUD") on or about December 2, 2008, alleging discrimination in housing on the basis of disability in violation of the Fair Housing Act.  On or about July 6, 2009, HUD referred the complaint to the Department of Justice pursuant to 42 U.S.C. § 3614(a) of the Act.

30.  Based on enforcement and other activities by the City, Ms. Beltran filed a complaint with HUD pursuant to 42 U.S.C. § 3610(a) of the Fair Housing Act on or about June 9, 2012, alleging discrimination in housing on the basis of disability.  On or about June 12, 2012, HUD referred the complaint to the Department of Justice pursuant to 42 U.S.C. § 3610(g)(2)(C) of the Act.

Requests for Reasonable Accommodation

31.  On May 16, 2011, complainant Rajeeyah Bilal-Varney sent a request to the City for a reasonable accommodation to continue operating the group home at 1835 Rogers Way.

32.  On March 29, 2011, complainant Aurora Beltran sent a request for a reasonable accommodation to continue operating the group home at 325 E. 3rd Street.

33.  On April 30, 2012, the provider of a group home for persons with disabilities on De Anza Drive in San Jacinto requested that her home be treated by the City as a single-family dwelling "for all purposes."

34.  The City informed each of the providers that it did not have a process established by ordinance for deciding reasonable accommodation requests.

35.  The City conditioned approval of the providers' requests on the acceptance of onerous, unjustified restrictions and failed to address legitimate inquiries of counsel for the providers, thereby effectively denying the requests.

36.  The City of San Jacinto's zoning regulations and enforcement of those regulations impose conditions and prohibitions on housing for persons with disabilities that are not imposed on housing for an equal or greater number of persons without disabilities.

37.  Persons with disabilities are more likely to live in congregate living facilities than are persons without disabilities in and around San Jacinto.

38.  The City's actions as described herein have the intent and effect of discriminating against providers and residents of housing for persons with disabilities.

## COUNT I
### Fair Housing Act

39. The allegations in paragraphs 1-38, above, are incorporated herein by reference.

40. By the actions set forth above, the City has:

a. made housing unavailable on the basis of disability in violation of 42 U.S.C. § 3604(f)(1);

b. imposed different terms, conditions, or privileges in housing on the basis of disability in violation of 42 U.S.C. § 3604(f)(2);

c. failed or refused to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may have been necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B); and

d. coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under the Fair Housing Act, in violation of 42 U.S.C. § 3617.

41. The conduct of the City as described above constitutes (a) a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. § 3601-3619, or (b) a denial of rights to a group of persons that raises an issue of general public importance under 42 U.S.C. § 3614(a).

42. There are persons who have been injured by Defendant's discriminatory actions and practices who are aggrieved persons as defined in 42 U.S.C. § 3602(i).

43. The Defendant's discriminatory actions were intentional, willful, and taken in disregard of the rights of others.

## COUNT II
### Americans with Disabilities Act

44. The allegations in paragraphs 1-43, above, are incorporated herein by reference.

45. The United States Department of Justice has notified the City in writing that based on its investigation, it had determined that enforcement action was warranted because of violations of the ADA. Resolution of the United States' claims has not been achieved by voluntary means. All conditions precedent to the filing of this Complaint have occurred or been performed.

46. The United States Department of Justice is the federal agency responsible for administering and enforcing Title II of the ADA, 42 U.S.C. §§ 12131 *et seq.*

47. The Defendant, through the actions described above, has:

   a. excluded persons with disabilities from participation in and denied them the benefits of the services, programs, or activities of a public entity, in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.130; and

   b. failed to make a reasonable modification in its policies, practices, or procedures, which resulted in the Defendant excluding persons with disabilities from participating in and denying them the benefits of the services, programs, or activities of the City of San Jacinto in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

48. The Defendant's discriminatory actions were intentional, willful, and taken in disregard of the rights of others.

49. Persons who have been subjected to Defendant's conduct have suffered and will continue to suffer irreparable harm in the absence of relief.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an ORDER that:

1.  Declares that the actions of the City of San Jacinto described above constitute violations of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.;*

2.  Enjoins the City of San Jacinto, its agents, employees, assigns, successors, and all other persons in active concert or participation with them, from enforcing its Zoning Code in a way that discriminates on the basis of disability in violation of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.* and its accompanying regulations;

3.  Enjoins the City of San Jacinto, its agents, employees, assigns, successors, and all other persons in active concert or participation with them, from failing to make reasonable accommodations in their policies, practices, rules, or services, as required by the Fair Housing Act and Americans with Disabilities Act, including accommodations that permit the establishment and operation of housing for persons with disabilities pursuant to 42 U.S.C. § 3604(f)(3)(B), 42 U.S.C. § 12132, and 28 C.F.R. § 35.130(b)(7);

4.  Awards compensatory damages in an appropriate amount to aggrieved persons for injuries suffered as a result of the City of San Jacinto's failure to comply with the requirements of the Fair Housing Act and Americans with Disabilities Act; and

5. Assesses a civil penalty against the City of San Jacinto in an amount authorized by 42 U.S.C. § 3614(d)(1)(C), in order to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.


ERIC H. HOLDER, JR.
Attorney General


ANDRÉ BIROTTE JR.
United States Attorney
Central District of California
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division


ROBYN-MARIE LYÒN MONTELEONE
Assistant United States Attorney
Assistant Division Chief
Civil Rights Unit Chief, Civil Division
(State Bar No. 130005)
Robby.Monteleone@usdoj.gov

STEVEN H. ROSENBAUM
Chief, Housing and Civil Enforcement Section
Civil Rights Division


R. TAMAR HAGLER
Deputy Chief
(State Bar No. 189441)
NANCY F. LANGWORTHY
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W. – G Street
Washington, D.C. 20530
Phone: (202) 616-8925
Fax: (202) 514-1116
Nancy.Langworthy@usdoj.gov

11

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| United States of America | City of San Jacinto, California |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Nancy F. Langworthy, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530; (202) 616-8925; Overnight Address: 1800 G Street, N.W., Suite 7002, Washington, D.C. 20006 | Jeffrey Scott Ballinger, Esq. Parissh A. Knox, Esq. Best Best & Krieger, 3500 Porsche Way, Suite 200, Ontario, CA 91764 (909) 483-6644 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No      **MONEY DEMANDED IN COMPLAINT:** $ Not Specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
federal Fair Housing Act, as amended, 42 U.S.C. 3601, et seq., and Title II of the Americans with Disabilities Act, Section 202, 42 U.S.C. 12132, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☑ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☑ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

EDCV12-1966

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _Nahin F. Laghrith_       Date November 9, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 1966 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[_] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[_] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY